961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert E. SHELTON, Defendant-Appellant.
 No. 91-30295.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 22, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert E. Shelton appeals his sentence following his guilty plea to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & 846. Shelton contends that the mandatory minimum sentence provisions in 21 U.S.C. § 841 are not applicable to a conspiracy conviction if the requisite quantity of controlled substance is nonexistent. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, United States v. Ayarza, 874 F.2d 647, 652 (9th Cir.), cert. denied, 493 U.S. 1047 (1990), and affirm.
 
 21 U.S.C. § 846 provides:
 
 3
 Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.
 
 
 4
 21 U.S.C. § 841(a)(1) prohibits any person from manufacturing a controlled substance with the intent to distribute. Mandatory minimum prison terms must be imposed according to the quantity of controlled substance involved in the offense. 21 U.S.C. § 841(b)(1)(B). "[T]he mandatory minimum penalties established under section 841 apply with equal force to related offenses under section 846.... a conspiracy conviction under section 846 carries with it the same mandatory minimum sentence as a conviction for the corresponding substantive offense under section 841." United States v. Dabdoub-Canez, No. 91-10219, slip op. at 3831, 3835 (9th Cir. April 9, 1992) (per curiam).
 
 
 5
 Here, Shelton was convicted for conspiracy to manufacture methamphetamine, in violation of sections 841 and 846. The Drug Enforcement Agency laboratory chemist indicated that Shelton's laboratory was capable of producing more than 100 grams of methamphetamine mixture. The district court sentenced Shelton to the mandatory minimum prison term of 10 years based on the quantity of methamphetamine involved and Shelton's prior drug conviction. See 21 U.S.C. § 841(b)(1)(B).
 
 
 6
 Shelton argues that the mandatory minimum prison term is inappropriate because he did not actually produce the methamphetamine. He contends that 21 U.S.C. § 841(d), which penalizes the possession of precursor chemicals to manufacture drugs, supports his position. Nevertheless, Shelton's arguments contradict the plain language of section 846 and our recent holding in Dabdoub-Canez. See Dabdoub-Canez, No. 91-10219, slip op. at 3835. The fact that Shelton was arrested before he could complete the methamphetamine manufacturing process does not alter the fact that he was convicted for conspiring to manufacture more than 100 grams of methamphetamine mixture. Therefore, the district court properly sentenced Shelton to the ten-year mandatory minimum prison term associated with the corresponding substantive offense under section 841. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3